# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DAVID ADKINS,**
**Claimant Below, Petitioner**

**FILED**
July 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1432**   (BOR Appeal No. 2045916)
                          (Claim No. 2010112647)

**A. T. MASSEY COAL COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Adkins, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. A. T. Massey Coal Company, Inc., by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 19, 2011, in which the Board affirmed an April 29, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 18, 2010, decision denying a request for a discogram and possible lumbar fusion, and also affirmed claims administrator's October 18, 2010, decision denying a request to add additional compensable components. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Adkins suffered an injury when he was hit by coal and top rock and knocked down while washing out a silo with water to unplug it. The claim was originally held compensable for unspecified contusion of the eyeball and laceration of the eyelid. On October 12, 2009, the following were added as compensable components: effusion of joint or lower extremity, sprain/strain of lumbar region, sprain/strain of neck, open wound of forehead. The diagnosis of effusion of the knee was only allowed until the MRI (of the knee) report was received. On October 18, 2010, the claims administrator denied the request for a discogram and possible lumbar fusion based on the StreetSelect Grievance Board's determination. In a separate decision

1

on October 18, 2010, the claims administrator denied the request to add the following diagnoses as compensable components: lumbosacral spondylosis without myelopathy, lumbar radiculitis, degenerative joint disease of the spine/spondylosis, and displacement of intervertebral disc without myelopathy.

The Office of Judges affirmed the claims administrator's decisions and held that the requested diagnoses are degenerative in nature and are not related to the compensable injury, and that the request for treatment is not justified by the medical evidence of record. On appeal, Mr. Adkins disagrees and asserts that the preponderance of the evidence does support the referral for a discogram and possible lumbar fusion and the additional diagnoses requested by Mr. Adkins's treating physician. Mr. Adkins did not appeal the denial of lumbosacral spondylosis without myelopathy and degenerative joint disease of the spine/spondylosis as compensable components. A. T. Massey Coal Company maintains that the preponderance of the evidence failed to establish that Mr. Adkins was entitled to a discogram, a possible lumbar fusion, and the additional requested diagnoses as compensable components.

The Office of Judges concluded that the preponderance of the evidence does not support adding the additional diagnoses nor does it support the referral of Mr. Adkins for a discogram and possible lumbar fusion. The Office of Judges stated that it relied on Dr. Thaxton's conclusion that the additional diagnoses requested are degenerative in nature, and that the evidence of record does not prove that the herniated disc or cervical disc problems result from or are related to the compensable injury. The Office of Judges also relied on Dr. Grady's conclusions that Mr. Adkins's continuing symptoms are due to soft tissue injuries and that he has reached maximum medical improvement. Ultimately, the Office of Judges held that the requested diagnoses are degenerative in nature and are not related to the compensable injury, and that the request for treatment is not justified by the medical evidence of record. The Board of Review reached the same reasoned conclusions in its decision of September 19, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.


**ISSUED:  July 11, 2013**


**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

Chief Justice Brent D. Benjamin, Disqualified